AARON D. FORD
Attorney General of the State of Nevada
ERNEST D. FIGUEROA
Consumer Advocate and Chief Deputy Attorney General
LUCAS J. TUCKER, (NV Bar No. 10252)
Senior Deputy Attorney General
MICHELLE C. NEWMAN, (NV Bar No. 13206)
Deputy Attorney General
8945 W. Russell Road, Suite 204
Las Vegas, Nevada 89148
Telephone: (702) 486-3420
Email: LTucker@ag.nv.gov
Email: MNewman@ag.nv.gov
Attorneys for State of Nevada

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA BY ITS ATTORNEY GENERAL AARON D. FORD<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTH GROUP INCORPORATED, a corporation; COLLABORATIVE CARE HOLDINGS, LLC, a limited liability company; DAVITA INC., a corporation; and DAVITA MEDICAL HOLDINGS, LLC, a limited liability company.<br><br>Defendants. | Case No.: 2:19-cv-01047-KJD-VCF<br><br>**STIPULATED JUDGMENT** |

WHEREAS Plaintiff State of Nevada, through its Attorney General ("Plaintiff"), having initiated an investigation of Defendant UnitedHealth Group Incorporated's ("United's") proposed acquisition of Defendant DaVita Medical

Holdings, LLC ("DaVita Medical")[1], filed a Complaint, as *parens patriae* on behalf of and to protect the health and welfare of persons residing in Nevada, alleging violations of Section 7 of the Clayton Act, 15 U.S.C. § 18; and

WHEREAS, Defendants agree that this Court has jurisdiction over them and the subject matter in this action, solely for the purposes of this action and any subsequent action to enforce this Judgment; and

WHEREAS, Defendants agree to be bound by the provisions of this Judgment pending its approval by the Court and thereafter; and

WHEREAS, Defendants have agreed with the Federal Trade Commission to an Agreement Containing Consent Order, including a Complaint, an Order to Maintain Assets (the "OMA") and a Decision and Order (the "FTC Order") in a Related Action (defined herein), which have all been provisionally accepted by the Federal Trade Commission. The OMA and FTC Order are incorporated into this Judgment and attached as Exhibits A and B hereto to address the allegations set forth by Plaintiff in its Complaint;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, without any admission or finding of wrongdoing or violation of any law, and upon consent of the parties, it is ORDERED, ADJUDGED, AND DECREED:

## I. JURISDICTION

1. Defendant United is a corporation organized, existing, and doing business under and by virtue of the laws of the State of Delaware with its executive offices and principal place of business located at 9900 Bren Road East, Minnetonka, Minnesota 55343.

---

[1] This agreement is the *Equity Purchase Agreement* among DaVita Inc., Collaborative Care Holdings LLC, and solely with respect to Section 9.3 and Section 9.18, UnitedHealth Group Incorporated dated as of December 5, 2017, as amended by the *First Amendment to the Equity Purchase Agreement* dated as of September 20, 2018, and the *Second Amendment to the Equity Purchase Agreement* dated as of December 11, 2018.

2. Defendant Collaborative Care Holdings, LLC ("CC Holdings") is a limited liability company organized, existing, and doing business under and by virtue of the laws of the State of Delaware with its executive offices and principal place of business located at 9900 Bren Road East, Minnetonka, Minnesota 55343.

3. Defendant DaVita Inc. ("DaVita") is a corporation organized, existing, and doing business under and by virtue of the laws of the State of Delaware with its executive offices and principal place of business located at 2000 16th Street, Denver, Colorado 80202.

4. Defendant DaVita Medical is a limited liability company organized, existing, and doing business under and by virtue of the laws of the State of California with its executive offices and principal place of business located at 717 17th Street, Denver, Colorado 80202.

5. Defendants consent to this Court's jurisdiction over the subject matter of, and each of the parties to, this action, for the purpose of this action and any subsequent action to enforce this Judgment. The Complaint states a claim upon which relief may be granted against Defendants under Section 7 of the Clayton Act, 15 U.S.C. § 18.

## II. DEFINITIONS

**IT IS ORDERED** that, as used in this Judgment, all defined terms used herein shall have the meanings prescribed in the FTC Order. In addition, the following definitions shall apply:

A. "Defendants" means United, CC Holdings, DaVita and DaVita Medical, individually and collectively.

B. "Nevada Assets To Be Divested" means all right, title and interest in and to the HealthCare Partners Nevada Assets and HealthCare Partners Nevada Licenses.

C. "Commission" means the Federal Trade Commission.

D. "Related Action" means the Commission's 2018-2019 investigation of Defendants involving United's acquisition of DaVita Medical, and its subsequent action, *In the Matter of UnitedHealth Group Incorporated; Collaborative Care Holdings, LLC; DaVita Inc;, and DaVita Medical Holdings, LLC.*

### III. ASSET MAINTENANCE AND DIVESTITURE RELIEF

**IT IS HEREBY ORDERED**, that:

A. Defendants shall comply with the OMA and with the FTC Order.

B. All HealthCare Partners Nevada Divestiture Agreements shall be deemed incorporated by reference into this Judgment, and Defendants shall comply with all such HealthCare Partners Nevada Divestiture Agreements to which they are a party.

C. Defendants waive any objection to reports to the Commission by the Monitor as required by Paragraph III of the OMA or Paragraph VIII of the FTC Order, or by the Divestiture Trustee as required by Paragraph IX of the FTC Order, also being provided to Plaintiff at the same time they are provided to the Commission. Defendants further waive any objection to the Monitor consulting with or disclosing any relevant information to Plaintiff so long as Plaintiff agrees to maintain the confidentiality of such information to the fullest extent possible. In the event of a disagreement or dispute between Defendants and the Monitor that cannot be resolved, Defendants expressly permit the Monitor to seek the assistance of the Antitrust Unit in the Office of the Nevada Attorney General's Bureau of Consumer Protection to resolve the issue.

D. For the duration of this Judgment, in the event the Commission investigates whether the Defendants, or any of them, are complying with the OMA and/or FTC Order, the Defendants agree to timely provide appropriate waivers that allow Commission's staff to freely communicate with Plaintiff about that investigation.

## IV. OTHER RELIEF

**IT IS FURTHER ORDERED**, that:

A. Any advance written notification to the Commission required by Paragraph X of the FTC Order shall also be provided to Plaintiff.

B. Said notification under this Paragraph shall be provided in writing, and shall include a brief description of the transaction, the parties to the transaction, the anticipated closing date, specificity of the Las Vegas Healthcare Provider and its location within the Geographic Territory, and the contact person for follow-up information requests. Notification shall be sent by electronic mail to Chief Deputy Mark Krueger, MKrueger@ag.nv.gov, Senior Deputy Lucas Tucker, LTucker@ag.nv.gov, and via overnight express delivery to the following address: State of Nevada, Office of Nevada Attorney General; Bureau of Consumer Protection; Attention: Antitrust Unit; 100 N. Carson St., Carson City, Nevada 89701. Defendants shall provide the notification to Plaintiff at least thirty (30) days prior to consummating any such transaction. To comply with this Paragraph, Defendants shall provide to Plaintiff the same notification on the same day that Defendant provides such notice(s) to the Commission pursuant to Paragraph X of the FTC Order.

C. Plaintiff may request further information from Defendants of a transaction reported under Paragraph IV(A) of this Judgment, subject to claims of privilege, undue burden or other rights Defendants may have in response to such requests. Such requests shall be made by Investigative Demands issued pursuant to the authority of this Judgment and Nev. Rev. Stat. § 598A.100. Nothing in this Paragraph IV shall waive, limit or compromise Plaintiff's authority and ability to pursue a subsequent enforcement action against Defendants for a transaction other than the transaction that is the subject of the Related Action that may violate state or federal law.

## V. COMPLIANCE AND MONITORING

**IT IS FURTHER ORDERED**, that:

A. Defendants shall submit to Plaintiff copies of all verified written reports required to be submitted to the Commission by Paragraph IV of the OMA or Paragraph XI of the FTC Order, which copies shall be provided to the Plaintiff on the same day that Defendants provide their reports to the Commission. When Defendants provide to Plaintiff a copy of a verified written report submitted to the Commission, Defendants must state in such report that the report is responsive to and enforceable under the corresponding provisions of this Judgment.

B. If requested by Plaintiff, Defendants shall provide the name(s) of Defendants' employee(s) who provided and/or are responsible for providing information used and reviewed in support of the statements contained in the written reports of compliance, subject to claims of privilege asserted by Defendants.

## VI. NOTICE AND NOTICE EVENTS

**IT IS FURTHER ORDERED**, that:

A. Any notice provided by Defendants to the Commission pursuant to Paragraph XII of the FTC Order shall also be provided to the Plaintiff on or about the same day such notice is provided to the Commission.

B. Any notices required by this Judgment shall be delivered to the parties at the following addresses:

1. For United:

   D. LEE ROBERTS, JR., NV Bar No. 8877
   WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
   6385 S. Rainbow Blvd., Suite 400
   Las Vegas, Nevada 89118
   Telephone: (702) 938-3838
   lroberts@wwhgd.com

2. For CC Holdings:

D. LEE ROBERTS, JR., NV Bar No. 8877
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
lroberts@wwhgd.com

3. For DaVita:

GREGORY A. BROWER, NV Bar No. 5232
Brownstein Hyatt Farber Schreck
100 North City Parkway
Las Vegas, Nevada 89106-4614
202.652.2340
gbrower@bhfs.com

4. For DaVita Medical, prior to closing of its sale to United:

GREGORY A. BROWER, NV Bar No. 5232
Brownstein Hyatt Farber Schreck
100 North City Parkway
Las Vegas, Nevada 89106-4614
202.652.2340
gbrower@bhfs.com

5. For DaVita Medical, after closing of its sale to United/CC Holdings:

D. LEE ROBERTS, JR., NV Bar No. 8877
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada 89118
Telephone: (702) 938-3838
lroberts@wwhgd.com

6. For Plaintiff, to the same address listed in Paragraph IV(B).

Any party may change the name or address of the person to receive notice by providing prior written notice to the other parties.

## VII. PLAINTIFF'S RIGHTS OF INVESTIGATION, INSPECTION AND EXAMINATION

**IT IS FURTHER ORDERED** that, for the purpose of determining or securing compliance with this Judgment:

A. Plaintiff may issue an Investigative Demand pursuant to Nev. Rev. Stat. § 598A.100. Defendants shall timely and fully comply with any such Investigative Demands; and

B. Subject to any legally recognized privilege, upon written request and upon five (5) days' notice to Defendants, Defendants shall permit any duly authorized representative of Plaintiff

1. Access, during office hours of Defendants and in the presence of counsel, to all facilities and access to inspect and copy all business and other records and all documentary material and electronically stored information in the possession or under the control of Defendants relating to compliance with this Judgment, which copying services shall be provided by such Defendant at the request of the authorized representative(s) of Plaintiff and at the expense of Defendant; and

2. Without restraint or interference from Defendants, access to interview officers, directors, or employees of Defendants, who may have counsel present, regarding any such matters.

C. No information or documents obtained by Plaintiff as required by or pursuant to this Judgment shall be divulged by Plaintiff to any person other than the authorized representatives of Plaintiff, and their consultants, and, pursuant to the waiver, the FTC, except in the course of legal proceedings as required by a court of proper jurisdiction, or for the purpose of securing compliance with this Judgment, or as otherwise required by law.

D. To the extent that the Plaintiff receives a Public Records Request for any document or other writing or electronic record submitted or provided by a

Defendant to Plaintiff pursuant to this Judgment, Plaintiff shall promptly give written notice to the respective Defendant(s) of such request. If the Plaintiff subsequently determines that any document should be produced to the party making the Public Records Request, Plaintiff shall promptly give the Defendants written notice of Plaintiff's determination, and an opportunity to inspect the documents the Plaintiff intends to produce. Further, the Plaintiff shall not oppose the Defendants' efforts to seek to injunctive relief preventing the disclosure before any document is produced pursuant to the Public Records Act

## VIII. VIOLATIONS AND ENFORCEMENT OF JUDGMENT

**IT IS FURTHER ORDERED**, that:

A. It shall be a violation of this Judgment if a Defendant fails to abide by the terms of this Judgment, the FTC Order and/or OMA.

B. Subject to the requirements of this Section, Plaintiff may petition the Court for relief as a result of a violation of this Judgment by filing a "Notice of Violation of Judgment" which shall set forth the alleged violation and the relief sought by Plaintiff.

C. For any violations of this Judgment committed by Defendant(s), Plaintiff may seek equitable and injunctive relief, with respect to the Nevada Assets To Be Divested, authorized by federal or state law that the Court deems appropriate, so long as such relief is consistent with the FTC Order.

D. All relief requested by Plaintiff for violation of the provisions of this Judgment shall be supported by evidence presented to the Court in whatever form required by the Court, applying substantive Nevada law in interpretation and enforcement.

E. Defendant(s) shall also pay to Plaintiff its reasonable attorneys' fees and costs incurred if Plaintiff is the prevailing party in a contested action to interpret, modify or enforce this Judgment.

F.  Plaintiff shall not take enforcement action under this Judgment until the following has occurred:

    1. Plaintiff has given a Defendant notice of the alleged violation(s) in writing within sixty (60) days of Plaintiff having reasonable cause to believe a violation may have occurred. Plaintiff shall provide the Commission with a copy of such notice at the same time Plaintiff issues its notice to Defendant;

    2. Defendant has had a period of at least thirty (30) days to (a) respond to and cure the alleged violation(s); and/or (b) provide written notice disputing the alleged violation or presenting cure to Plaintiff;

    3. The respective parties have had a period of twenty (20) days after Defendant has provided notice of dispute or notice of cure to meet and confer regarding the alleged violation(s) and the respective parties' responses. Such meeting and conferral may occur in person, by telephone, or in writing in compliance with the local rules of this court. Any party may request the participation of the Commission's attorneys during any meetings and conferrals;

    4. Defendant has had a period of at least thirty (30) days after the parties have met and conferred on the alleged violation to (a) respond to and cure, or have undertaken good faith efforts toward curing the alleged violation(s) if the violation cannot reasonably be cured within thirty (30) days; and/or (b) provide written notice of dispute regarding the alleged violation; and

    5. Prior to the expiration of the thirty-day period provided in Section VIII(F)(4), Plaintiff has agreed to meet and confer separately with the Commission regarding the alleged violation(s), if the Commission requests such meetings and conferrals.

G.  If Defendant fails to respond under Section VIII(F)(2), or fails to meet under Section VIII(F)(3), Plaintiff may immediately seek relief from the Court. The respective parties may, but no party is required to, extend the timelines in this

Paragraph by mutual consent in writing. Plaintiff may informally notify Defendant of receipt of information alleging a violation of this Judgment if, in Plaintiff's judgment, such notification could likely result in a prompt resolution of the alleged violation.

## IX. CHANGES TO AND DIRECTIVES RESULTING FROM COMMISSION'S DECISION AND ORDER

**IT IS FURTHER ORDERED**, that from the date of entry of this Judgment, if the Commission makes any changes to the FTC Order or OMA or issues further directives pursuant to the FTC Order or OMA, and unless otherwise stipulated by the parties to this Judgment, such changes and further directives are incorporated into this Judgment.

## X. GENERAL PROVISIONS

**IT IS FURTHER ORDERED**, that:

A. The remedies in this Judgment are in addition to all remedies available to Plaintiff under federal and state law. Nothing in this Judgment shall prohibit or in any way limit Plaintiff from seeking all damages, fines, penalties and remedies for any Defendant's conduct, actions, transactions, mergers or acquisitions that is/are otherwise unlawful under federal or state law, even if such conduct, actions, transactions, mergers or acquisitions may also violate this Judgment.

B. This Judgment shall neither be construed nor interpreted as a concession that Defendants have, or any of them has, violated any federal or state law, nor that Defendants have adopted or agreed to any allegations in Plaintiff's Complaint, except for the allegations relating to jurisdiction. Notwithstanding the foregoing, the Parties agree to enter into this Judgment instead of litigating their dispute.

C. This Judgment shall terminate on the earlier of (i) ten (10) years from the date of entry; or (ii) upon the termination of the FTC Order; provided, however,

that this Judgment may remain in effect after completion of such period solely for the purpose of determining or enforcing compliance during its effective period.

D. This Court retains jurisdiction to enable any party to this Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

E. If any part of this Judgment is hereafter adjudged by this Court to be unenforceable, the remaining provisions of this Judgment shall stay in full force and effect.

BASED UPON THE RECORD BEFORE THIS COURT, the Court finds that entry of this Judgment fair, equitable and in the public interest.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: June 21, 2019